UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

VICTOR JOHNSON,

        Petitioner,

  v.                                 Case No. 10-C-21

UNITED STATES OF AMERICA,

        Respondent.

**ORDER**

Victor Johnson was convicted, after a bench trial, of three counts of drug trafficking. He was sentenced to 180 months of imprisonment, which was lower than the guideline range called for but higher than the applicable 10-year mandatory minimum. On January 11, 2010, after an unsuccessful appeal, he filed this petition pursuant to 28 U.S.C. § 2255, asserting that his incarceration is unconstitutional because he received ineffective assistance of counsel. He also asserts that he was convicted of a "non-existent" charge (i.e., the conviction differed from the charge contained in the indictment); he further contends that he should receive a lower sentence in light of recent changes to, and criticism of, the 100:1 crack / cocaine ratio.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2255 Cases, which reads:

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

Rule 4, Rules Governing § 2255 Cases.

Petitioner first argues that counsel was ineffective for failing to consult with a fingerprint expert. He has correctly cited the proper standard for addressing such a claim. *See Strickland v. Washington,* 466 U.S. 668 (1984). At trial, the government relied in part on a fingerprint on a baggie, which connected Johnson to drugs found in a hotel room he had rented. The government's own expert testified that the print was Johnson's, but despite Johnson's attempts to pay his lawyer to hire his own expert, his lawyer did not hire one or present a rebuttal expert.

The unstated premise of this claim is that there will always be an expert willing and able to contradict the testimony of the government's expert. That, of course, is not true. Obviously experts can sometimes reach different conclusions after looking at the same evidence, and in some cases a failure to consult an expert could constitute ineffective assistance. *See Miller v. Anderson*, 255 F.3d 455, 459 (7th Cir. 2001) ("[I]n the circumstances (an essential qualification), there was also no excuse for the lawyer's failure to consult experts on hair, DNA, treadmarks, and footprints."). But the fact that experts are usually scientists means that often their methods will produce the *same* conclusion. Thus, if Johnson's attorney had secured an expert report, there is no reason to conclude that it would necessarily have contradicted the government's report in any material respect. The simple fact that Johnson would have paid for the report does not entitle him to a report that would have been favorable to his case, and he has not produced any evidence or suggestion that an expert would actually have reached a different conclusion than the government's expert.

In addition, despite Johnson's present argument, his case did not hinge on fingerprint analysis. There was ample other evidence linking him to the crime, including the fact that he was caught while fleeing, his cousin who was also caught testified against him, and that the hotel room

2

he had rented contained the drugs that were found. The fact that the government's expert was also able to conclude that a fingerprint on a baggie belonged to Johnson was relevant, but not necessary, evidence. Johnson's guilt was clear, and accordingly he cannot show prejudice.

Petitioner also argues that he was convicted of a "non-existent" offense. As an independent basis for relief, the claim is barred because Johnson failed to raise it in his direct appeal. He also argues, however, that his trial counsel was ineffective for failing to have counts 1 and 3 dismissed, and this argument may be entertained in a § 2255 proceeding. As for count 1, he asserts that the grand jury indicted him for cocaine and cocaine base (crack), but the DEA agent who testified before the grand jury relied on a witness who had only mentioned cocaine. And count 3 of the indictment charged distribution of cocaine, but petitioner was found guilty of delivering crack. He thus argues that there was not probable cause for the grand jury to indict him for these offenses. However, the fact that he was found guilty of the offenses after a trial moots his challenge to the probable cause found by the grand jury. *United States v. Rosario,* 234 F.3d 347, 352 (7th Cir. 2000) ("any such error in the presentation of evidence before the grand jury would be harmless given the jury conviction at trial which indicates a proper grand jury proceeding would have still yielded an indictment.")

Johnson also asserts that this Court should not have convicted or sentenced him on Count Three for distribution of crack when the indictment charged only distribution of cocaine, not crack. He asserts that the conviction and sentence based on distribution of crack constitutes an expansion or variance from the charges contained in the indictment. The exact words of Count Three of the indictment read: "On or about May 31, 2007, at 1710 Western Avenue, in the City of Green Bay,

3

. . . Victor M. Johnson and Nasif N. Taylor knowingly and intentionally distributed a mixture and substance containing cocaine, a Schedule II controlled substance. All in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C)." (Case No. 07-CR-144, Dkt. # 20 at 3.)

The fact that Johnson may have been sentenced based on his sales of crack when the indictment in Count Three charged a "substance containing cocaine" does not mean there was a variance. "[A]lthough the indictment incorrectly alleged that the substance seized from Brown was cocaine base (crack) rather than cocaine hydrochloride, the particular form of the cocaine is not an element of the offense under section 841(a)(1) and is thus immaterial to a conviction. The jury need only have found that the substance was some form of cocaine and thus a controlled substance." *United States v. Wilson,* 116 F.3d 1066, 1089 (5th Cir. 1997). Moreover, there is no doubt that Johnson was aware of the nature of the charges against him, because Count One charged him with conspiracy to distribute crack cocaine. Thus, even if there were a variance, he has not established any prejudice resulting from such a technical defect in the indictment because his defense would have been no different. It also would have made no difference in the length of his sentence since the sentence on each of the three counts was the same and ordered to run concurrently. Accordingly, Johnson's counsel was not ineffective for failing to raise this issue.

Johnson also argues that appellate counsel was ineffective for failing to raise a sufficiency of the evidence objection during his direct appeal. Initially, I note that it will seldom constitute ineffective assistance for failing to raise a sufficiency of the evidence argument after a bench trial. Verdicts in such challenges are viewed by appellate courts in the light most favorable to the verdict, which means a reviewing court may look to, and rely on, any evidence that supports the verdict while disregarding any evidence that cuts the other way. "A challenge to the sufficiency of the

4

evidence is reviewed under an extremely deferential standard. We ask whether 'after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Harris,* 585 F.3d 394, 402 (7th Cir. 2009) (citations omitted). Facing that uphill battle, few appellate attorneys would entertain the idea of challenging the sufficiency of the evidence when doing so would amount to arguing that the trial judge's conclusion was completely irrational. Given the deference to the verdict, as well as the deference given to counsel's decision-making, it is difficult to imagine such an argument ever succeeding.

That said, the gist of Johnson's argument is based on his assertion above that the indictment charged him in count 3 with selling cocaine but the evidence proved him to be selling crack. For the reasons stated above, this argument is a non-starter, as the indictment for a "substance containing cocaine" did not limit the government from proving the charge by showing him to be a dealer in cocaine base (i.e. crack). As such, I conclude that any sufficiency of the evidence argument would have been borderline frivolous, and counsel was surely not ineffective for failing to make such an argument on appeal.

Finally, Johnson asks for resentencing on the basis of disparities in the treatment of crack cocaine versus power cocaine. Johnson's sentencing, however, was not based on any disparity. The Supreme Court decided *Kimbrough v. United States* in 2007, and Johnson was sentenced after that. The sentence imposed by this Court took into consideration any unfair disparity in the sentencing guidelines, and in fact Johnson made the same argument *prior* to sentencing and this Court considered it at that time. Accordingly, there is no basis for relief under § 2255.

5

In sum, the motion to vacate is **DENIED**. The motion to appoint counsel is also **DENIED**. The case is **DISMISSED**.

**SO ORDERED** this   21st   day of January, 2010.

                                              s/ William C. Griesbach
                                              William C. Griesbach
                                              United States District Judge